IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS V. DOSS and CAROLYN DOSS, Individually and d/b/a MULLIGAN'S PUB, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CV. NO. SA-11-CV-00116-DAE |
| SGT. MARTIN MORRIS; OFFICER HARRY HOLT; and TABC AGENT SCOTT HELPENSTELL, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER: (1) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION;
(2) GRANTING PLAINTIFFS' MOTION FOR PERMISSION TO ACT PRO SE;
(3) GRANTING PLAINTIFFS' MOTION TO ABATE PROCEEDINGS FOR 33
DAYS; (4) DENYING PLAINTIFFS' MOTION TO SUPPLEMENT MOTION
FOR RECONSIDERATION; (5) DENYING PLAINTIFFS' MOTION FOR
EVIDENTIARY REHEARING ON MOTION FOR SUMMARY JUDGMENT;
(6) DENYING AS MOOT PLAINTIFFS' MOTION TO EXTEND TIME TO
SUPPLEMENT RECORD

Before the Court is a Motion to Reconsider Order Vacating Magistrate Judge's Memorandum and Recommendation brought by Plaintiffs Louis V. Doss and Carolyn Doss (collectively, "Plaintiffs"). (Doc. # 168.) Plaintiffs also bring several related motions, seeking leave to supplement their motion for reconsideration and to act pro se. (Doc. # 169.) For the reasons given below, the

1

Court **DENIES** Plaintiffs' Motion to Reconsider (doc. # 168) and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' miscellaneous related motions (doc. # 169).

BACKGROUND

On May 15, 2013, this Court issued an order vacating the Magistrate Judge's January 16, 2013 Memorandum and Recommendation and granting the Motion for Summary Judgment brought by Defendants Sergeant Martin Morris and Officer Harry Holt (collectively, "Defendants"). (Doc. # 167.) On May 24, 2013, Plaintiffs filed a motion for reconsideration of that order. (Doc. # 168.) Soon thereafter, Plaintiffs, acting pro se, filed the following five motions:

i. Motion for Permission to Act Pro Se and for Leave to File Documents;

ii. Motion to Abate Proceedings for 33 Days and for Leave to Change Attorneys;

iii. Motion to Supplement Motion for Reconsideration filed by Robert Wilson with additional relevant evidence;

iv. Motion for Evidentiary Rehearing on Defendants' Motion for Summary Judgment;

v. Motion to Extend Time to Supplement Record Due to Change of Counsel and Need for Necessary Records from Wells Fargo Bank.

(Doc. # 169.) On May 28, 2013, Plaintiffs' counsel filed a Motion to Withdraw as Counsel for Plaintiffs (doc. # 170), which the Court granted. Defendants filed a

Response in opposition to Plaintiffs' motions on May 30, 2013. (Doc. # 171.)

## LEGAL STANDARD

While the Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration," such a motion is usually construed as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from a final judgment or order. Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, Rules 59(e) and 60(b) do not contemplate reconsideration of interlocutory orders. See, e.g., Fed. R. Civ. P. 60(b) (specifying that Rule 60(b) applies only to "a final judgment, order, or proceeding") (emphasis added). A district court may reconsider an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment." Fed. R. Civ. P. 54(b). The Court possesses "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. Unit A 1981). Because Plaintiffs seek reconsideration of an order granting summary judgment to fewer than all defendants, their motion is governed by Rule 54(b).

The general practice of courts in this district has been to evaluate Rule

54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. See e.g., Vladmir Ltd. v. Pac. Parts Supply Co., No. SA-08-CV-819-XR, 2009 WL 4110288, at *2 (W.D. Tex. Nov. 20, 2009); Dos Santos v. Bell Helicopter Textron, Inc. Dist., No. 4:06-CV-292-Y, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009); T-M Vacuum Prods., Inc. v. TAISC, Inc., No. C-08-309, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008); Sky Techs. LLC v. SAP AG, No. 2:06-CV-440 (DF), 2008 WL 2775487 (E.D. Tex. July 15, 2008).

A Rule 59(e) motion "calls into question the correctness of a judgment." Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). A motion to alter or amend the judgment under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). Under Rule 59(e), there are three primary grounds for reconsideration: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact. See Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a

4

complete disregard of the controlling law.'" Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004)).

## DISCUSSION

I.  Motion for Reconsideration

Plaintiffs seek reconsideration of the Court's May 15, 2013 Order vacating the Magistrate Judge's Memorandum and Recommendation and granting Defendants' Motion for Summary Judgment. Plaintiffs contend that two aspects of the Court's decision were in error, arguing that: (1) they adequately pleaded the deprivation of a property interest in "lost profits" from their business under the Fourteenth Amendment, and (2) the summary judgment record supports a finding that Plaintiffs were deprived of their liberty interest in pursuing their chosen occupation of operating a bar, Mulligan's Pub.

As a preliminary matter, Plaintiffs' motion does not appear to meet any of the criteria for reconsideration under Rule 59(e). Plaintiffs essentially ask the Court to re-weigh the evidence presented on summary judgment and reach a different outcome. Although Plaintiffs now attempt to bolster several of their arguments, they do not point to any manifest errors of law or fact that warrant reconsideration of the Court's decision. A Rule 54(b) motion, like a Rule 59(e)

motion, is not the proper vehicle for rehashing evidence, legal theories, or arguments. See Templet, 367 F.3d at 479. Additionally, Plaintiffs have not presented any newly discovered evidence or an intervening change in controlling law to the Court.

    A.    Property Interest in Lost Profits

The Fourteenth Amendment provides that no state shall deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. To maintain a cause of action for a violation of substantive due process, a plaintiff must show (1) the existence of a protected property or liberty interest, and (2) arbitrary or capricious deprivation of that interest. See Honore v. Douglas, 833 F.2d 565, 568. (5th Cir. 1987).

Plaintiffs contend the Court improperly found that they had not adequately pleaded or established a substantive due process claim for the deprivation of a property interest in "lost profits" from their business, Mulligan's Pub. Plaintiffs' substantive due process claims are contained in paragraph 58 of the Third Amended Complaint, which provides:

> Plaintiffs would show that the actions of Defendants caused the Plaintiffs to be deprived of the lawful use of their business, that their property has been damaged and their investment in their business has suffered as a result of these violations of their civil and constitutional rights, specifically their liberty right to own and operate a lawful business. Plaintiffs have valuable property rights in the license they enjoy with the TABC and in the business

>they own which is being jeopardized by these violations. These claims arise and are being brought pursuant to violations of the Fourteenth Amendments [sic].

(Doc. # 76 ¶ 28 (emphasis added).) This paragraph only explicitly references a violation of Plaintiffs' "liberty right"—i.e. liberty interest—in the operation of their business. While Plaintiffs assert they have "valuable property rights" in "the license they enjoy with the TABC" and generally in the "business they own," they state only that these were "jeopardized" by "these violations"—namely, a violation of Plaintiffs' liberty interest in the operation of their business. Plaintiffs do not allege an <u>actual</u> deprivation of their "valuable property rights" and make no reference to a property interest in "lost profits." Thus, on its face, the Third Amended Complaint does not appear to bring a <u>separate</u> claim for a substantive due process violation based on deprivation of a <u>property interest</u> in "lost profits."

      Moreover, as previously explained by this Court, "[t]he Constitution does not create property interests; they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." <u>Bryan v. City of Madison</u>, 213 F.3d 267, 275 (5th Cir. 2000) (citations omitted) (internal quotation marks omitted). In the Fifth Circuit, Plaintiffs must establish a protectible property interest "by reference to state law." <u>Id.</u> at 274–75. On summary judgment, Plaintiffs failed to cite any state law (or federal statute) as

authority for their property interest in "lost profits" from their business. Given the vagueness of the pleadings and that Plaintiffs did not make any showing of the deprivation of a property right by reference to state law, this Court concluded that Plaintiffs had not properly asserted a separate claim for violation of a property interest in "lost profits."

However, even if Plaintiffs did bring a separate substantive due process claim for deprivation of a property interest in "lost profits," this claim fails. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). "A legitimate claim of entitlement" to the benefit is required. Id. The Supreme Court has held that a "generalized right to be secure in one's business interests" is not a protectible property interest under the Due Process Clause of the Fourteenth Amendment. College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 672 (1999). In discussing whether "businesses are 'property' within the meaning of the Due Process Clause," the Supreme Court has also stated:

> The assets of a business (including its good will) unquestionably are property, and any state taking of those assets is unquestionably a "deprivation" under the Fourteenth Amendment. But business in the sense

  of <u>the activity of doing business</u>, or <u>the activity of making a profit</u> is not property in the ordinary sense. . .”

<u>Id.</u> at 675.  Indeed, the "activity of doing business" and the "activity of making a profit" appear instead to involve a plaintiff's liberty interest in pursuing her chosen occupation.  The Fourth Circuit has explained, "[w]hile 'property' protected by the Fourteenth Amendment includes actual and existing benefits and entitlements, 'liberty' protected by the Amendment includes freedom of movement and action and encompasses a right <u>to pursue</u> benefits and entitlements."  <u>Bannum, Inc. v. Town of Ashland</u>, 922 F.2d 197, 201 (4th Cir. 1990) (citing <u>Roth</u>, 408 U.S. at 576).

  Here, Plaintiffs allege that the actions of Defendants inhibited Plaintiffs' right to conduct their business and to receive profits from their business.  This does not establish a separate, independent property interest in "lost profits," but rather implicates Plaintiffs' liberty interest in pursuing their chosen occupation.  Additionally, Plaintiffs have not cited in their motion for reconsideration, and this Court has not found, any Texas law or federal statute indicating that a business owner has a property right enforceable by law to anticipated profits or revenues.

  However, "lost profits" are not unimportant to Plaintiffs' substantive due process claim for the deprivation of their <u>liberty</u> interest in pursuing their chosen occupation of operating a bar.  As stated by the Fifth Circuit, "anticipated profits may be considered a measure of damages from the deprivation of a liberty

9

interest." Stidham v. Tex. Comm'n on Private Sec., 418 F.3d 486, 492 n.9 (5th Cir. 2005). "Such a conclusion is obviously buttressed by the fact that the elements of a constitutional liberty interest claim embody no property requirements as does the property prong of the Due Process Clause." Id.

Finally, even if Plaintiffs established a protectible property interest in "lost profits," they did not establish on summary judgment that they were deprived of such a property interest. Plaintiffs have not been forced to close their business or to lose their liquor license based on the alleged actions of Defendants. Mulligan's Pub continues to operate and to generate income; Plaintiffs have not demonstrated a total loss of ability to generate profits. Thus, Plaintiffs' motion for reconsideration fails in this respect.

    B.    <u>Deprivation of Liberty Interest in Operation of Business</u>

In its prior order, the Court found no constitutional deprivation of Plaintiffs' liberty interest in pursuing their chosen occupation of operating a bar, Mulligan's Pub. More specifically, the Court found that Plaintiffs failed to present sufficient evidence that they had been "effectively foreclosed" from operating their business. In their motion for reconsideration, Plaintiffs contest this finding, arguing that the Court misconstrued the evidence contained in the summary judgment record. Plaintiffs emphasize one fact in particular already considered

and weighed by this Court on summary judgment—namely, that Plaintiffs infused money from their savings into their business.[1]

The Court declines to reconsider its decision on this basis. "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party." Helena Labs. Corp. v. Alpha Scientific Corp., 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing Browning v. Navarro, 894 F.2d 99, 100 (5th Cir. 1990)). The Court remains convinced that it reached the correct decision for the reasons articulated in its prior order. Plaintiffs' motion for reconsideration is therefore denied.

## II.     Miscellaneous Pro Se Motions

Plaintiffs, acting pro se, have filed several motions seeking, among other things, leave to supplement their motion for reconsideration and an evidentiary rehearing on Defendants' Motion for Summary Judgment.

Plaintiffs contend that the Court misconstrued evidence of monthly income and the "$20,000"-a-month profitability threshold testified to by Louis Doss in his affidavit on summary judgment. They request leave to clarify the

---

[1] In its prior order, the Court stated: "Plaintiffs maintain that sales increased—despite the fact that Mulligan's Pub attracted fewer customers due to the alleged harassment of Defendants Morris and Holt—because Mulligan's Pub increased prices and Plaintiffs infused money from their savings into the business." (Doc. # 167 (emphasis added).)

record with respect to their monthly income and to demonstrate why the business required infusions of additional capital. Plaintiffs state that the additional capital came in the form of business loans from Wells Fargo Bank of Kerrville, Texas. They seek to supplement their motion for reconsideration with these loan records because the records "did not seem necessary at [sic] when the original filings for the summary judgment were had." (Doc. # at 169.)

Under extraordinary circumstances, a court may entertain a motion for reconsideration in the light of evidence not in the summary judgment record. <u>ICEE Distribs., Inc. v. J & J Snack Foods Corp.</u>, 445 F.3d 841, 847 (5th Cir. 2006). However, "[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." <u>Templet</u>, 367 F.3d at 479.

Any additional records regarding damages to Plaintiffs' business could and should have been submitted in response to Defendants' Motion for Summary Judgment. Plaintiffs do not assert that the loan records are "newly discovered," nor do they provide any reason why the records could not have been timely submitted with their original response to Defendants' Motion for Summary Judgment. Moreover, pursuant to the Scheduling Order, discovery in this case ended on October 31, 2012. (Doc. # 123.) Plaintiffs offer no explanation why they

did not timely produce the loan documents by the discovery deadline.  At this late juncture in the proceedings, more than six months after the discovery deadline passed, to allow Plaintiffs to submit new evidence would prejudice Defendants by unduly delaying the final disposition of this proceeding and requiring Defendants to incur additional expense.  Moreover, in its prior order, the Court considered the fact that Plaintiffs had infused additional capital, albeit in the form of savings rather than business loans, into their business; thus, it is unclear how new evidence of business loans would alter the Court's analysis.

For all these reasons, the Court denies Plaintiffs' Motion to Supplement Motion for Reconsideration and their Motion for Evidentiary Rehearing on Defendants' Motion for Summary Judgment.  Plaintiffs' Motion to Extend Time to Supplement Record is therefore denied as moot.  However, the Court grants Plaintiffs' motion seeking to abate the proceedings until July 1, 2013 in order to give Plaintiffs time to secure new counsel.

CONCLUSION

For the reasons given above, the Court **DENIES** Plaintiffs' Motion to Reconsider (doc. # 168) and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' miscellaneous related motions (doc. # 169) as follows:

i. Plaintiffs' Motion for Permission to Act Pro Se and for Leave to File Documents is **GRANTED**.  If Plaintiffs wish to file documents electronically, they may do so pursuant to the electronic filing requirements for pro se litigants contained in the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, found online in the "General Information" section of the "CM/ECF" tab at www.txwd.uscourts.gov.

ii. Plaintiffs' Motion to Abate Proceedings for 33 Days and for Leave to Change Attorneys is **GRANTED**.  The proceedings will be stayed until July 1, 2013 to allow Plaintiffs time to secure new counsel.

iii. Plaintiffs' Motion to Supplement Motion for Reconsideration is **DENIED**.

iv. Plaintiffs' Motion for Evidentiary Rehearing on Defendants' Motion for Summary Judgment is **DENIED**.

v. Plaintiffs' Motion to Extend Time to Supplement Record is **DENIED AS MOOT**.

IT IS SO ORDERED.

DATED: San Antonio, Texas, June 17, 2013.

_____
David Alan Ezra
Senior United States District Judge