UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS V. DOSS and CAROLYN DOSS, individually and d/b/a MULLIGAN'S PUB, | § § § § | No. SA:11–CV–116–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| SGT. MARTIN MORRIS, OFFICER HARRY HOLT, and TABC AGENT SCOTT HELPENSTELL, | § § § § § | |
| Defendants. | § | |

ORDER GRANTING DEFENDANTS SGT. MARTIN MORRIS AND OFFICER HARRY HOLT'S MOTION FOR FINAL JUDGMENT

Before the Court is a Motion for Final Judgment Under Rule 54(b) filed by Defendants Sgt. Martin Morris ("Morris") and Officer Harry Holt ("Holt") (collectively, "Defendants"). (Dkt. # 236.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion and the opposing memorandum, for the reasons that follow, the Court **GRANTS** Defendants' Motion for Final Judgment (Dkt. # 236).

BACKGROUND

On February 9, 2011, Plaintiffs Louis V. Doss and Carolyn Doss (collectively, "Plaintiffs"), individually and doing business as Mulligan's Pub,

1

instituted this lawsuit against the City of Kerrville, numerous Kerrville police officers, Administrator Alan Steen of the Texas Alcoholic Beverage Commission ("TABC"), and TABC Agent Scott Helpenstell ("Helpenstell") under 42 U.S.C. §§ 1981 and 1983 for violations of the Fourth and Fourteenth Amendments. (Dkt. # 1.) Plaintiffs brought a substantive due process claim against Morris and Holt of the Kerrville Police Department for deprivation of Plaintiffs' liberty interest under the Fourteenth Amendment in pursuing their chosen occupation. (Dkt. # 76 ¶ 58.) This claim was based on allegations that Defendants implemented a plan to shut down Plaintiffs' business, Mulligan's Pub, by instituting a campaign to harass customers with the specific intent to discourage patronage of the business. (Id.)

On November 30, 2012, Defendants filed a Motion for Summary Judgment based on the defense of qualified immunity. (Dkt. # 138.) On May 15, 2013, the Court granted summary judgment in favor of Defendants as to all of Plaintiffs' claims against them. (Dkt. # 167.) The Court subsequently denied Plaintiffs' Motions for Reconsideration of the Court's Order Granting Summary Judgment. (Dkts. ## 172, 175.) On December 9, 2014, United States Magistrate Judge John W. Primomo granted Plaintiffs' Emergency Motion to Stay Deadlines in light of Louis Doss's serious health issues. (Dkt. # 235.)

On December 19, 2014, Defendants filed the instant Motion for Final Judgment Under Rule 54(b). (Dkt. # 236.) On December 29, 2014, Plaintiffs filed

Objections and a Motion to Strike Defendants' Motion, citing in part the stay order entered by Judge Primomo. (Dkt. # 237.) On December 30, 2014, Defendants filed a Response to Plaintiffs' Objections, noting their non-opposition to the Court granting Plaintiffs' motion to stay the deadline to respond to Defendants' Motion for Final Judgment until further notice. After several extensions, the stay in this case was finally lifted on July 20, 2015. (See Dkt. # 248.) On August 3, 2015, Plaintiffs filed a Response in Opposition to Defendants' Motion for Final Judgment. (Dkt. # 252.) On August 10, 2015, Defendants filed a Reply. (Dkt. # 253.)

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that, where an action involves multiple parties or claims, the district court may direct entry of a final judgment as to one or more—though not all—parties or claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In evaluating a motion made under Rule 54(b), a court must make two determinations. First, the court must determine that it is dealing with a "final judgment"—in other words, "a decision upon a cognizable claim for relief . . . that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (internal quotation marks omitted). Second, the court must "determine

whether there is any just reason for delay." Id.  Rule 54(b) motions should not be granted routinely, Brown v. Miss. Valley State Univ., 311 F.3d 238, 332 (5th Cir. 2002), and "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir. 1996).

## DISCUSSION

Defendants ask the Court to enter final judgment in their favor pursuant to Rule 54(b) because (1) there are no outstanding claims against Morris or Holt; (2) the claims dismissed against Morris and Holt are completely separable from the remaining claims against the sole remaining defendant, TABC Agent Scott Helpenstell, and as a result, no appellate court would have to decide the same issues more than once; and (3) lack of final judgment has resulted in hardship and injustice to Morris and Holt.  (Dkt. # 236 at 3–4.)  Plaintiffs respond that this is not an "exceptional case" warranting certification of final judgment under Rule 54(b), and add that forcing Plaintiffs to litigate an appeal at this time would cause them substantial prejudice.  (Dkt. # 252 at 4, 10.)

The first step in the Court's analysis is to determine whether it is dealing with a "final judgment," or an "ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp., 446 U.S.

4

at 8.  Because the entry of summary judgment constitutes a final judgment for the purposes of Rule 54(b), the Court moves to the second step of the analysis: whether just reason exists for delay in the entry of final judgment.  See id. at 7; Accident Ins. Co. v. Classic Bldg. Design, LLC, No. 2:11cv33KS-MTP, 2012 WL 4799174, at *1 (S.D. Miss. Oct. 9, 2012) (holding that a summary judgment order was an "ultimate disposition" allowing for the entry of final judgment under Rule 54(b)).

In determining whether just reason exists for delay, the court must strike a balance between the "inconvenience and costs of piecemeal [appellate] review" and "the danger of denying justice by delay."  Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992).  In doing so, courts should take into consideration "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  Curtiss-Wright Corp., 446 U.S. at 8.

Plaintiffs brought a substantive due process claim against Morris and Holt, alleging that Defendants deprived Plaintiffs of their liberty interest under the Fourteenth Amendment in pursuing their chosen occupation.  (Dkt. # 76 ¶ 58.) Specifically, Plaintiffs alleged that Defendants implemented a plan to shut down

5

Plaintiffs' business by harassing customers with the specific intent to discourage patronage of the business.  (Id.)  The sole remaining claim in this case, against Helpenstell, concerns alleged violations of Plaintiffs' right to be free from excessive force under the Fourth Amendment.  (See Dkt. # 219.)  This claim arises from Helpenstell's interaction with Louis Doss in a parking lot in Kerrville, Texas on January 30, 2011, during which Plaintiffs allege that Helpenstell subjected Louis Doss to excessive force by drawing a firearm and commencing a "violent brutal attack . . . [including] punches to [his] face and strikes to [his] head with a pistol."  (See Dkt. # 232 at 2–5.)

       Thus, the facts necessary to adjudicate the claims against Morris and Holt are distinct from the facts underlying Plaintiffs' remaining claim against Helpenstell.  Under these circumstances, an appellate court would not likely have to decide the same issues more than once should there be separate appeals of the claims in this case.  See Curtiss-Wright, 446 U.S. at 8; United States v. Whisenhunt, No. 3:12-CV-0614-B, 2014 WL 3610792, at *4 (N.D. Tex. July 21, 2014) (finding little risk that an appellate court would have to decide the same issues more than once where the facts underlying a remaining live claim were separate from those underlying the court's prior rulings).  Furthermore, the Court notes that Helpenstell has already appealed the Court's Order Denying in Part Helpenstell's Motion for Summary Judgment as to Plaintiffs' excessive force

claim.  (Dkt. # 233.)  Even if the facts underlying the claims against Morris and Holt overlapped with those underlying the claims against Helpenstell, the Fifth Circuit is already faced with the prospect of separate appeals.

However, the Court must also consider whether "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  PYCA Indus., Inc., 81 F.3d at 1421.  Defendants argue that although the Court has dismissed Morris and Holt as individually-named defendants, they are unable to represent to third parties that a final judgment exists in their favor, thereby hampering Morris's ability to obtain financing, refinancing, or credit.  (Dkt. # 236 at 4.)

Where there is little danger of piecemeal appeals, courts have found that "[a]ny further delay of final judgment could present a hardship" to the party moving for a final judgment.  Orrill v. Mortg. Elec. Registration Sys., Inc., No. 06-10012, 2012 WL 10558, at *2 (E.D. La. Jan. 3, 2012).  In this instance, the Court notes that this case has proceeded at an unfortunately slow pace, through no fault of Defendants, and because of Helpenstell's current appeal before the Fifth Circuit, the Court is unable to set a trial date at this time.  Because there is little risk that an appellate court would need to decide the same issues more than once, and because it is unlikely that a final judgment in this matter will be rendered in

the near future, the Court finds that the entry of final judgment under Rule 54(b) is appropriate under the circumstances.

Finally, the Court is unpersuaded by Plaintiffs' arguments against the entry of judgment.  First, Plaintiffs attempt to re-argue the merits of their claims against Morris and Holt, suggesting that despite the Court's previous rulings, Defendants have not actually been exonerated.  (Dkt. # 252 at 2–4.)  The Court has already fully and carefully considered each of Plaintiffs' arguments in its Order Granting Summary Judgment and its two Orders Denying Plaintiffs' Motions for Reconsideration.  (Dkts. ## 167, 172, 175.)  A response to a Motion for Final Judgment is not the appropriate vehicle for rehashing the merits of Plaintiffs' claims.

Second, Plaintiffs claim that forcing them to litigate an appeal at this time would divide their financial and administrative resources and would cause them prejudice in both the jury trial and the appeal.  (Dkt. # 252 at 4.)  The Court notes that it has been very accommodating of Plaintiffs' pro se status and limited resources in the past, having granted several extensions of the stay order at Plaintiffs' request.  (Dkts. ## 235, 244, 248.)  In the interest of the orderly and timely administration of this Court's docket, the Court cannot schedule the procession of this case at Plaintiffs' convenience.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion for Final Judgment (Dkt. # 236).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, August 11, 2015.

David Alan Ezra
Senior United States Distict Judge