UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS V. DOSS and CAROLYN DOSS, individually and d/b/a MULLIGAN'S PUB, | § § § § | No. SA:11–CV–116–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| TABC AGENT SCOTT HELPENSTELL, | § § § | |
| Defendant. | § § | |

ORDER DENYING: (1) PLAINTIFF'S MOTION FOR FINAL JUDGMENT; (2) PLAINTIFF'S MOTION FOR DEFAULT

Before the Court is a Motion for Final Judgment Under Rule 54(b) filed by Plaintiff Louis Doss ("Doss") (Dkt. # 264), and a Motion for Default Judgment regarding the Motion for Final Judgment (Dkt. # 268). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions, for the reasons stated below, Plaintiff's Motion for Final Judgment (Dkt. # 264), and Motion for Default Judgment (Dkt. # 268) are **DENIED**.

1

BACKGROUND

On February 9, 2011, Plaintiffs Louis V. Doss and Carolyn Doss (collectively, "Plaintiffs")[1], individually and doing business as Mulligan's Pub, instituted this lawsuit against the City of Kerrville, numerous Kerrville police officers, Administrator Alan Steen of the Texas Alcoholic Beverage Commission ("TABC"), and TABC Agent Scott Helpenstell ("Helpenstell") under 42 U.S.C. §§ 1981 and 1983 for violations of the Fourth and Fourteenth Amendments. (Dkt. # 1.)

Through the course of the litigation, all but Helpenstell have been dismissed.[2]  Helpenstell filed a motion for summary judgment seeking qualified immunity on the two claims against him (Dkt. # 178); on September 29, 2014, this

---

[1] Carolyn Doss passed away since the inception of the lawsuit, and was not involved in filing the instant motion.

[2] On June 30, 2011, Plaintiffs filed a Second Amended Complaint which dismissed their claims against the Kerrville Police Department. (Dkt. # 45.) On September 1, 2011, the Court granted Alan Steen's Motion to Dismiss. (Dkt. # 49.) On January 17, 2012, Plaintiffs filed a Third Amended Complaint, which dismissed their claims against Kerrville police officers Jonathan Cline, Harold Degenhardt, Scott Gaige, Jonathan Lamb, James Machetta, James Poole, Kristi Price, Christopher Slaughter, John M. Young, Delane Barnes, and James Bowlin. (Dkt. # 76.) On April 11, 2012, the Court granted the City of Kerrville's Motion to Dismiss the claims against it. (Dkt. # 110.) On May 15, 2013, the Court granted Sgt. Harry Holt's and Officer Martin Morris' Motions to Dismiss. (Dkt. # 167.) Holt and Martin file a Rule 54(b) Motion for final judgment on the Motion to Dismiss, which the Court granted; Plaintiffs timely appealed the Dismissal of Holt and Martin to the Fifth Circuit Court of Appeals. (Dkts. ## 254, 255.) The Fifth Circuit affirmed the order of this Court dismissing Holt and Martin, and returned the mandate to this Court on April 25, 2016. (Dkt. # 272.)

Court issued an order denying Helpenstell qualified immunity as to Plaintiffs' excessive force claim and granting him qualified immunity on the claim for unlawful arrest. (Dkt. # 219.) Helpenstell filed a motion for reconsideration, which this Court denied. (Dkts. ## 222, 232.) Helpenstell timely appealed this Court's denial of qualified immunity with regards to the excessive force claim. (Dkt. # 233.) The Fifth Circuit Court of Appeals affirmed this Court's Judgment, and returned the mandate to this Court. (Dkt. # 262.)

Doss now petitions the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) on the decision of this Court granting Helpenstell qualified immunity on the unlawful arrest claim, so that he can appeal the decision before going to trial on the excessive use of force claim.[3] (Dkt. # 264.) Helpenstell did not file a Response to the Motion for Judgment, and Doss

---

[3] Doss makes a fairness argument that he should be able to appeal the decision on the False Arrest Claim, because Helpenstell was permitted to appeal the decision on the Excessive Force Claim. (Dkt. # 264 ¶ 19.) However, the same legal framework for appeals does not apply to the denial of qualified immunity as it does to the grant of qualified immunity. See Kinney v. Weaver, 367 F.3d 337, 346 (5th Cir. 2004) ("[T]he denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review."). However, the Court's decision on a "motion for summary judgment is ordinarily not immediately appealable." Id. (citing Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)). In this case, only the denial of qualified immunity was immediately appealable as a matter of law, and there is no fundamental unfairness in Doss' reciprocal inability to appeal.

subsequently filed a Motion for Default Judgment on his Motion for entry of final Judgment.[4] (Dkt. # 268.)

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that, where an action involves multiple parties or claims, the district court may direct entry of a final judgment as to one or more—though not all—parties or claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In evaluating a motion made under Rule 54(b), a court must make two determinations. First, the court must determine whether it is dealing with a "final judgment"—in other words, "a decision upon a cognizable claim for relief . . . that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (internal quotation marks omitted). Second, the court must "make an express determination that there is no just reason for delay." Id. at 3. Rule 54(b) motions should not be granted routinely, Brown v. Miss. Valley State Univ., 311 F.3d 328, 332 (5th Cir. 2002), and "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir. 1996).

---

[4] Doss was acting pro se when these motions were filed; however, as of June 24, 2016, Doss is represented by counsel. (Dkt. # 275.)

DISCUSSION

This Court's September 26, 2014 summary judgment order granted Helpenstell qualified immunity with regard to the unlawful arrest claim. (Dkt. # 219 at 18–25.) Doss asks the Court to enter final judgment pursuant to Rule 54(b) with regard to this claim, because he is certain "that the Fifth Circuit will overturn this Court's ruling on the False Arrest Claim" on appeal, and speculates that his resources will be drained when the case is remanded and he must prepare for a second trial.[5] (Dkt. # 264 ¶ 12.) Doss argues that granting final judgment as to this claim and permitting him to appeal the decision now – rather than requiring him to wait until after the jury trial on the excessive force claim – will prevent

---

[5] Doss interprets the Fifth Circuit's September 18, 2015 decision, which affirmed the denial of qualified immunity as to the excessive force claim, as "dramatically calling into question this Court's decision on the False Arrest Claim." (Dkt. # 264 at 3.) Plaintiff is reminded that the Fifth Circuit "view[ed] the evidence in the light most favorable to the nonmovant," and "accept[ed] Doss's version of the facts" for purposes of the particular appeal only. (Dkt. # 262 at 5-6.) See Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009) (when evaluating the district court's denial of qualified immunity, the circuit court has limited jurisdiction and may not "consider 'the correctness of the plaintiff's version of the facts'" (quoting Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 251-52 (5th Cir. 2005).).

Further, the Fifth Circuit explicitly stated that it had "no jurisdiction over [Doss's] putative cross-appeal," with regards to the unlawful arrest claim. (Id. at 5, n. 2 (citing Gros v. City of Grand Prairie, 209 F.3d 431, 436 (5th Cir. 2000); Heck v. Triche, 775 F.3d 265, 286–87 (5th Cir. 2014).) Accordingly, the Fifth Circuit's decision should not be interpreted as any indication of its judgment regarding the validity or invalidity of this Court's grant of qualified immunity on the unlawful arrest claim.

prejudice to him, by allowing him to litigate all of his claims in one trial, and will preserve judicial economy for the same reason. (Id. ¶ 19.)

The first step in the Court's Rule 54(b) analysis is to determine whether it is dealing with a "final judgment," or an "ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp., 446 U.S. at 8. Because the entry of summary judgment constitutes a final judgment for the purposes of Rule 54(b), the Court moves to the second step of the analysis: whether just reason exists for delay in the entry of final judgment. See id. at 7.

In determining whether just reason exists for delay, the court must strike a balance between the "inconvenience and costs of piecemeal [appellate] review" and "the danger of denying justice by delay." Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992). When striking this balance, the district court should consider the relationship between the claim upon which the party seeks final judgment, and any claims remaining before the district court. Curtiss-Wright Corp., 446 U.S. at 10. Final judgment generally should not be granted on a claim involving "factual and legal issues" still pending before the district court. Ackerman v. F.D.I.C., 973 F.2d 1221, 1225 (5th Cir. 1992); see Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises, Inc., 170 F.3d 536, 540 (5th Cir. 1999) (explaining that a court must act as a "dispatcher"

and consider substantive concerns, such as the presence of common issues of fact, before deciding that the delay-related dangers "outweigh the important concerns that underlie 'the historic federal policy against piecemeal appeals'" (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).

While Doss' excessive use of force claim and unlawful arrest claim do not involve the same question of law, they concern the same parties and arise from the same facts, which will be submitted to a jury in a trial currently scheduled to begin February 6, 2017. (Dkt. # 276.) Entering final judgment for the unlawful arrest claim will further delay the conclusion of the proceedings in the district court, and will almost certainly result in "piecemeal litigation" and "premature adjudication" of the claims; it is possible that Doss will also wish to appeal an element of the trial proceedings to the Fifth Circuit. Brown, 311 F.3d at 232.

On the other hand, it does not appear that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." PYCA Indus., Inc., 81 F.3d at 1421. Helpenstell and Doss are the only remaining parties to the suit; should the Court grant final judgment as to the unlawful arrest claim, neither party would be dismissed from the litigation with finality. In fact, granting the motion will only further prolong the litigation, as the currently-scheduled trial would again be delayed during the pendency of the appeal.

Doss argues that he will be prejudiced by the Court's failure to enter final judgment, because he will be forced to prepare for a second jury trial after the Fifth Circuit reverses the decision on the unlawful arrest claim and remands the decision to this Court. (Dkt. # 264 ¶ 19.) This is highly speculative, and is not a valid reason, on its own, for entering final judgment.

Further, the Court notes that Doss himself instituted this lawsuit; while the Court is not unsympathetic to the burden Doss may face, should he ultimately be required to litigate the unlawful arrest clam on remand, this is insufficient to further delay full resolution of the case in the District Court. Accordingly, Doss's Motion for Final Judgment pursuant to Rule 54(b) is **DENIED** (Dkt. # 264). Finding that the entry of final judgment as to this claim is inappropriate at this time, the Court also finds that Doss's Motion for default regarding the entry of final judgment should be **DENIED** (Dkt. # 268). Despite Helpenstell's failure to respond, entry of final judgment is inappropriate at this time.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Doss's Motion for Entry of Final Judgment as to the claim for unlawful arrest (Dkt. # 264) and **DENIES** Doss's Motion for Default Ruling regarding his Motion for Final Judgment (Dkt. # 268).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 18, 2016.

David Alan Ezra
Senior United States Distict Judge